UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOUSEN ADEN,
    Plaintiff

vs

DR. RYAN HERRINGTON, et al.,
    Defendants

Case No. 1:12-cv-86

Spiegel, J.
Bowman, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

    Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the following medical personnel at WCI: Dr. Ryan Herrington, the chief medical officer at WCI; Nurse Ronald Arnette; Nurse Jim McNally; Nurse Christopher Carnes; and Nurse Steve Sassman. Plaintiff alleges that he "severely injured his ankle" on or about July 5, 2011. (Doc. 1, Complaint, p. 1). He went to WCI's Inmate Health Services (IHS) for examination and treatment, where he was first seen by defendant Arnette. Plaintiff avers that he told Arnette that he believed he had broken his ankle, and "without following protocol" by "immediately consulting a doctor to see if an x-ray was required," Arnette responded by opining that it was only an "ankle sprain." (*Id.*). Arnette gave plaintiff four ibuprofen tablets and, with defendant Sassman's assistance, applied a cast over the injured area. (*Id.*, p. 2).

Sassman told plaintiff at that time that "under any other circumstance, Plaintiff would have been sent to the emergency room for an immediate x-ray." (*Id.*). Sassman claimed that he lacked the authority to order the emergency x-ray and did not contact "the proper person(s) to obtain such authorization." (*Id.*). Sassman "gave Plaintiff crutches and completed

3

paperwork to ensure Plaintiff was assigned to a lower bunk." (*Id.*).

The next day, "[o]n or about July 6, 2011," plaintiff was seen by defendants McNally and Herrington because his "cast (and/or splint and wrap) [had come] undone." (*Id.*). Herrington "finally ordered" x-rays after plaintiff "kept insisting that his ankle was broken." Herrington told plaintiff that he would be able to determine if the injury was a sprain or a break after he viewed the x-rays. (*Id.*).

Three days later, "[o]n or about July 9, 2011," plaintiff, who is African-American, observed that a Caucasian inmate was sent out for an emergency x-ray. (*Id.*). When plaintiff asked why the inmate was able to receive an emergency x-ray when he did not "under similar circumstances," defendant McNally replied: "It's a White thing." (*Id.*).

Plaintiff claims that the named defendants "acted with deliberate indifference to [his] serious medical needs" and provided him with "discriminatory treatment on the basis of race." (*Id.*). As relief, plaintiff seeks declaratory judgment and $80,000 in damages. (*Id.*, pp. 2-3).

As an initial matter, plaintiff has not set forth any factual allegations in the complaint pertaining to defendant Carnes. Because plaintiff has thus failed to state any claim for relief against that individual, Carnes should be dismissed as a defendant in this action.

Second, plaintiff's allegations regarding the medical treatment he received are insufficient to state a claim upon which relief may be granted by this Court. In order to state a claim under 42 U.S.C. § 1983 concerning a denial of adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An Eighth Amendment violation occurs "[w]hen the indifference is manifested by . . .

4

prison guards in intentionally denying or delaying access to medical care" for a serious medical need. *Id.* at 104; *see also Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 895 (6th Cir. 2004).

Such a claim has both an objective and subjective component. *Barnett v. Luttrell,* 414 F. App'x 784, 787 (6th Cir. 2011); *Blackmore,* 390 F.3d at 895. The objective component mandates that there be a "sufficiently serious" medical need. *Id.* In *Blackmore*, the Sixth Circuit pointed out that there are two scenarios in which courts have held that a medical need is "sufficiently serious" to satisfy the objective component: (1) where the medical need "has been diagnosed by a physician as mandating treatment *or* . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention;" and (2) in cases involving the prison's failure to adequately treat a condition or "seemingly minor or non-obvious" complaints, where a delay in treatment is shown to have caused a serious injury, loss or handicap. *See Blackmore*, 390 F.3d at 897-88 (and numerous cases cited therein).

The separate subjective component of an Eighth Amendment claim pertains to the defendant prison officials' "state of mind" of deliberate indifference, which requires a showing that the prison officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and also drew that inference. *See Barnett,* 414 F. App'x at 787-88 (citing *Blackmore*, 390 F.3d at 895-96); *see also Williams v. Mehra*, 186 F.3d 685, 691-92 (6th Cir. 1999) (en banc). This component was "intended to prevent the constitutionalization of medical malpractice claims." *Barnett*, 414 F. App'x at 788 (quoting *Dominguez v. Corr. Med. Services*, 555 F.3d 543, 550 (6th Cir. 2009) (internal quotation and citation omitted)). It is well-settled that allegations of negligence in diagnosing or treating

medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd v. Wilson*, 701 F.2d 592, 595 n.2 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976). A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Dominquez*, 555 F.3d at 550 ("deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk").

  Here, plaintiff's allegations do not state a claim of an Eighth Amendment violation by any of the named defendants. The sole basis of plaintiff's complaint is that he did not receive an x-ray on an emergency basis on the day he was injured, but instead had to wait until the next day to be x-rayed at his insistence. Plaintiff has alleged that on the day of his injury, he did receive treatment for his injury to the extent that he was provided ibuprofen for pain relief, was placed in some form of "cast," was given a set of crutches and was assigned to a lower bunk. Moreover, the next day, when he was seen by Dr. Herrington after the cast "came undone," x-rays were ordered. Plaintiff has not indicated what the results of those x-rays were; nor has plaintiff alleged that the one-day delay in obtaining authorization for x-rays harmed him in any way. At most, plaintiff's allegations may give rise to a claim of negligence on the part of defendants Arnette and Sassman, who treated plaintiff on the day he was injured. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at

6

860 n.5; *see also Thomas v. Rochell,* 47 F. App'x 315, 317 (6th Cir. 2002) (holding that a "prisoner has no remedy under § 1983 to pursue tort" and medical malpractice claims against prison doctors). Therefore, the portion of the complaint alleging a denial of adequate medical care by the defendants should be dismissed. *Cf. Heredia v. Doe*, 473 F. Supp.2d 462 (S.D.N.Y. 2007) (dismissing a prisoner complaint for failure to state a claim where the plaintiff alleged that prison medical staff would not see him to treat a back injury after he slipped and fell until the following day).

Plaintiff has also claimed that the defendants discriminated against him on the basis of race. The Fourteenth Amendment's Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for difference." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To prevail on a § 1983 claim for an equal protection violation on the basis of race, the plaintiff must show intentional discrimination because of membership in a particular class or group singled out for discriminatory treatment, not merely that he was treated unfairly from an individual perspective. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 342 (6th Cir. 1990). Under a "class of one" theory of equal protection, plaintiff must allege that he has been intentionally treated differently from others who are similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

Plaintiff's allegations arguably implicate equal protection concerns to the extent he has alleged that he is African-American, that another white inmate received an emergency x-ray

7

three to four days later "under similar circumstances," and that he was told that "[i]t's a White thing" when he asked why he had not received the same treatment. However, only defendants Arnette and Sassman were involved in the alleged discriminatory conduct that took place on the day plaintiff was injured. Plaintiff has alleged no facts linking Dr. Herrington, who ordered x-rays when he saw plaintiff for the first time the following day, or the other named defendants to Arnette's and Sassman's failure to consult a physician or seek authorization for an emergency x-ray when plaintiff was first seen and treated for an ankle sprain at IHS.

Accordingly, the undersigned concludes that only plaintiff's claims against defendants Arnette and Sassman for intentional discriminatory treatment under the Equal Protection Clause are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Herrington, Carnes, and McNally be **DISMISSED**, and all claims challenging the adequacy of the medical care plaintiff received when he injured his ankle be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Only plaintiff's equal protection claim against defendants Arnette and Sassman should be allowed to proceed.

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants "Nurse Ronald Arnette" and "Nurse Steve

8

Sassman" as directed by plaintiff. All costs of service shall be advanced by the United States.

     2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

     3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


                                         /s/ *Stephanie K. Bowman*
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOUSEN ADEN,
    Plaintiff

vs

DR. RYAN HERRINGTON, et al.,
    Defendants

Case No. 1:12-cv-86

Spiegel, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).