UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOUSEN ADEN             :     NO. 1:12-CV-086
                        :
Plaintiff,              :
                        :
vs.                     :     **ORDER**
                        :
DR. RYAN HERRINGTON, et al., :
                        :
Defendants.             :

This matter is before the Court on the Magistrate Judge's Report and Recommendation of March 8, 2012 (doc. 7) and Plaintiff's objections thereto (doc. 35).

By way of background, Plaintiff filed a complaint pursuant to 42 U.S.C. §1983 in which he alleges that his Eighth and Fourteenth Amendment rights were violated by medical personnel where he is incarcerated, stemming from an injury Plaintiff suffered to his ankle. On May 15, 2012, the Court adopted and affirmed the Magistrate Judge's Report and Recommendation of March 8, 2012 (doc. 16) but later vacated that order and allowed Plaintiff additional time in which to file his objections (doc. 33). Unfortunately for Plaintiff, the objections he filed do not alter the Court's original decision.

The Magistrate Judge recommended that Plaintiff's

1

Eighth Amendment claim against all defendants be dismissed for failure to state a claim, finding that Plaintiff had failed to set forth allegations in his complaint from which a claim of deliberate indifference to his serious medical needs could plausibly be inferred (doc. 7). In his objections, Plaintiff acknowledges that his complaint does fail to set forth the requisite allegations, and he attempts to cure that defect via his objections. Specifically, he avers in his objections that he injured his ankle on July 5, 2011 but did not get x-rays until July 8, 2011 and did not get "sufficient pain relief" until July 14, 2011 (doc. 35). In addition, he alleges that he was told on July 14, 2011 by an orthopedic resident that he would need surgery and that he then had surgery on August 8, 2011 (Id.). These allegations, Plaintiff argues, show that he suffered deliberate indifference to his medical needs because of the time lapse between his injury and the diagnosis by the orthopedic doctor, during which time he suffered pain. In addition, he asserts, though without any factual or medical support, that his surgery would not have been needed had his injury been x-rayed immediately, not three days after the fact (Id.). He also states that Defendant Herrington knew of his diagnosis upon viewing the x-rays on July 8, 2011 but did not authorize specialized treatment (presumably the consultation

2

with the orthopedic doctor) for six days (Id.).

As Plaintiff acknowledges, these allegations are not part of his complaint. Because this matter is before the Court on the Magistrate Judge's sua sponte review of the complaint to determine whether it states a claim for relief, the Court cannot take the allegations Plaintiff sets forth in his objections into account and must decide the issue on only the complaint. Based on the allegations in the complaint, Plaintiff's Eighth Amendment claim fails because, as Plaintiff acknowledges, the complaint simply does not set forth sufficient allegations of deliberate indifference.

Even if the Court were to factor in the allegations Plaintiff sets forth in his objections, or were to permit Plaintiff to amend his complaint so that it contained those allegations, the result would be the same. The fact that Plaintiff's injured ankle was not immediately attended to by an orthopedic doctor, combined with the other facts alleged by Plaintiff, creates, at most, a plausible negligence claim. As the Magistrate Judge noted, allegations of medical negligence in diagnosing or treating simply are not actionable under Section 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff has not set

forth factual allegations, either in his complaint or in his objections, from which the Court could plausibly infer that Defendants knew that Plaintiff faced a substantial risk of serious harm and yet disregarded that risk. His Eighth Amendment claim thus must be dismissed.

With respect to his Fourteenth Amendment claim, the Court remains in agreement with the Magistrate Judge's analysis. Specifically, Plaintiff, who is African American, alleges that he was denied an emergency x-ray but that a Caucasian inmate did receive emergency x-rays under similar circumstances. When Plaintiff asked why that inmate was sent out for emergency x-rays but Plaintiff was not, Plaintiff was allegedly told by Defendant McNally that "[i]t's a white thing." The Magistrate Judge recommended that Plaintiff's Fourteenth Amendment claim survive, but only as against Defendants Arnette and Sassmen, as they were the personnel who allegedly failed to seek authorization for the emergency x-ray.

In his objections, Plaintiff urges the Court to hold Defendant Herrington and "the Nurse Practitioner" to account for the Fourteenth Amendment claim as well, because they authorized "another inmate of a 'preferable color' to have immediate medical attention" (doc. 35). Having reviewed the complaint, the Court finds that it fails to set forth allegations from

4

which the Court could plausibly infer a violation of the Equal Protection Clause on the part of Defendant Herrington, Defendant Carnes[1] and Defendant McNally. Plaintiff complains that he was denied emergency x-rays while a Caucasian inmate was given emergency x-rays under similar circumstances. This allegation is sufficient, given Defendant McNally's statement, to allow Plaintiff's Equal Protection claim to survive at this stage. However, the only Defendants who are implicated by this allegation are the Defendants who would have made the decision to not seek emergency x-rays on the basis of race. According to the facts set forth in the complaint, those Defendants are Arnette and Sassmen, who initially treated Plaintiff and who, according to Plaintiff, failed to seek the authorization necessary for him to get the emergency x-rays he believed he needed. It appears from the complaint that Defendant Herrington ordered the x-rays when he saw Plaintiff the day after Plaintiff's injury and that Defendant McNally assisted Defendant Herrington at that visit, so an inference that they delayed treatment because of Plaintiff's race is not plausible.

Pursuant to 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the findings and

---

[1] Although it is not clear, the Court assumes that Defendant Carnes is "the Nurse Practitioner". The complaint contains no allegations about Defendant Carnes.

analyses of the Magistrate Judge and considered de novo all of the filings in this matter, including Plaintiff's objections. Upon consideration of the foregoing, the Court finds that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct. Accordingly, the Court ADOPTS and AFFIRMS it in its entirety (doc. 7). Consequently, Plaintiff's claims against Defendants Herrington, Carnes and McNally are DISMISSED, and all claims challenging the adequacy of the medical care Plaintiff received when he injured his ankle are DISMISSED. Therefore, only Plaintiff's Equal Protection claim against Defendants Arnette and Sassmen remain.

SO ORDERED.


DATED:November 20, 2012    /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge