UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOUSEN ADEN,                                              Case No. 1:12-cv-86

    Plaintiff,                                             Spiegel, J.
                                                            Bowman, M.J.

    v.

DR. RYAN HERRINGTON, et al.,

    Defendants.

**ORDER**

This prisoner civil rights litigation was initiated by Plaintiff on January 30, 2012. On March 8, 2012, the undersigned magistrate judge granted Plaintiff leave to proceed *in forma pauperis* on certain claims, and directed the United States Marshal to serve two of the named Defendants on those claims.  However, the undersigned also issued a Report and Recommendation ("R&R") that recommended the dismissal of specific claims brought against three other Defendants. (Doc. 7).  The presiding district judge adopted that R&R[1] and ordered Plaintiff's equal protection claim to proceed, while dismissing claims concerning the adequacy of Plaintiff's medical care for an ankle injury. (Doc. 38).

On the same date that the Court adopted the R&R, Plaintiff filed a motion seeking to compel Defendants "and other non-parties" to produce documents relating to his medical care.  As stated, claims concerning the adequacy of Plaintiff's medical care

---

[1] The Court initially adopted the R&R on May 15, 2012, (Doc. 16), but later set aside that Order and granted Plaintiff additional time to file objections. (Doc. 33).  The Court subsequently overruled Plaintiff's objections, and again adopted the R&R on November 20, 2012. (Doc. 38).

have now been dismissed, rendering irrelevant the vast majority of Plaintiff's document requests. To that extent, Plaintiff's motion could be denied on the merits.

However, Plaintiff's motion also can and will be denied as a prematurely filed and improper discovery motion. Pursuant to Local Rules 37.1 and 37.2, as well as Rule 37, Fed. R. Civ. P., a motion to compel discovery may only be filed after the party seeking discovery has fully exhausted all extrajudicial means to obtain the requested discovery. If a motion is filed, the requesting party must attach to his or her motion a certification detailing those efforts. L.R. 37.2. Plaintiff's "motion" does not comply with the requirements of these rules, and instead appears to be more in the nature of a direct request for discovery promulgated to the Defendants and non-parties. To the extent that Plaintiff has new discovery requests that have not been rendered moot by the Court's prior rulings, he may directly seek that discovery through written requests served directly on the defendant from whom discovery is sought.

In addition to Plaintiff's motion, Defendants have filed a motion to strike a document that Plaintiff filed on December 17, 2012, captioned as a "Response to the Defendants['] Answer." Defendants correctly observe that Plaintiff filed the document *after* this Court denied Plaintiff's motion for an extension of time in which to file such a pleading. (Doc. 26). In its Order, the Court expressly informed Plaintiff that a reply or a response to an answer is not a pleading permitted by the Federal Rules of Civil Procedure unless first ordered by the Court, and that no permission had been granted in this case. (*Id.*). Although the practice of the undersigned is rarely to strike documents filed by *pro se* litigants based upon violations of the Federal Rules of Civil Procedure, in

this case it is appropriate to grant Defendants' motion. Not only does the document violate Rule 7(a)(7), but Plaintiff filed it in clear violation of this Court's specific direction to him that he was *not* to file such a "pleading." Therefore, the document will be stricken under Rule 12(f)(2).

Last, the Court notes that Plaintiff has filed a "Notice of Amendment of Requested Indemnity (Relief)" in which he seeks to "amend his requested relief from a nominal, compensatory and punitive damages amount of $80,000.00 dollars against each defendant to a Compensatory and punitive damages amount of $25,000,000.00 [against] each defendant, jointly and severly [sic]." (Doc. 43). Although the body of the document makes plain that Plaintiff seek leave to amend the damages portion of his complaint, it is unclear based upon the caption whether Defendants would have been put on notice of that fact. In the future, Plaintiff is forewarned that a document that bears the caption of "Notice" differ significantly from a document captioned as a "Motion." A mere "Notice" does not require any action from this Court or response from opposing counsel. At the same time, Plaintiff is reminded that regardless of the nature of the document(s) he seeks to file, such document(s) must comply with all applicable local and federal civil rules of procedure; Plaintiff is not excused from such compliance merely because he proceeds *pro se*.

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's construed motion/request to produce documents (Doc. 39) is **denied;**

2. Defendants' motion to strike Plaintiff's response to Defendants' Answer (Doc. 41) is **granted;** the Clerk of Court shall strike the referenced document for the reasons stated herein;

3. Plaintiff's recently filed "Notice of Amendment of Requested Indemnity (Relief)" (Doc. 43), is hereby construed as a motion for leave to amend his complaint. Although leave to amend is freely given, Defendants may in their discretion file any response to the construed motion on or before January 31, 2013;

4. In light of the fact that this case has progressed slowly, with relatively little discovery having been completed to date, the prior discovery and dispositive motion deadlines of January 21 and February 25 (Doc. 20) are set aside, with the following new deadlines established:

    a. All discovery shall be commenced in time to be completed by April 1, 2013;

    b. Any dispositive motions shall be filed on or before May 1, 2013.

    c. Any further extension of these deadlines must be sought through a motion filed prior to the expiration of the deadline for which extension is requested, and will be granted only upon a showing of good cause.

                                                           *s/ Stephanie K. Bowman*
                                                           Stephanie K. Bowman
                                                           United States Magistrate Judge