**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MOUSEN, ADEN

      Plaintiff,

vs.

DR. RYAN HERRINGTON, et al.,

      Defendants.

Case No. 1:12-cv-86

Spiegel, J.
Bowman, M.J.

**MEMORANDUM ORDER**

On February 8, 2013, the *pro se* Plaintiff filed a motion for summary judgment, (*see* Doc. 46), to which Defendants failed to file any timely response. On March 18, 2013, this Court ordered Defendants to "show cause" as to "why Plaintiff's motion for summary judgment should not be construed as unopposed and, *to the extent supported by the law and facts of this case*, granted for the reasons stated." (Doc. 48, emphasis added). The Court's Order did not state that the Plaintiff's motion would be granted solely based upon Defendants' lack of opposition.

Defendants responded to the Court's order the same day it was filed, arguing that under Local Rule 7.2, a failure to file a memorandum in opposition may be cause for this Court to grant the motion, except, as specified by the rule, for a motion "which would result directly in entry of final judgment or any award of attorney fees." Defendants further contend that their failure to respond to Plaintiff's dispositive motion should not result in a forfeiture of their opportunity to file a counter-motion for summary judgment, given that the

discovery period does not conclude until April 1, 2013, with a dispositive motion deadline of May 1, 2013. Defendants represent that they intend to file a counter-motion for summary judgment on or before May 1, 2013.

A party's deliberate choice not to file any opposition to a dispositive motion always carries with it some peril. Although Defendants correctly cite the language of LR 7.2 insofar as that rule reflects that a party's failure to file a timely opposing memorandum will not in itself result in this Court granting a dispositive motion, that local rule does not stand alone on the issue. Indeed, this Court has long issued the same "show cause" warning to pro se litigants who fail to file any opposition to a defensive dispositive motion – explaining that the dispositive motion may be granted as unopposed if properly supported by the record. The language of the Court's prior order is supported by Rule 56(e)(2) and (3) of the Federal Rules of Civil Procedure, as well as by Sixth Circuit and Supreme Court case law. Rule 56(e) specifically states that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:…(2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."

Defendants' response to the "show cause" order seeks to defer this Court's consideration of Plaintiff's pending motion until following the conclusion of the discovery period and the filing of Defendants' counter-motion. In the alternative, Defendants offer to file a belated memorandum in opposition to Plaintiff's motion. Defendants' first request comports with judicial economy and does not unduly prejudice the Plaintiff.

It is this Court's practice to rule on pending motions as soon as practical, regardless of whether the motions have been filed by a pro se litigant or through counsel. The Court is not clairvoyant. Ignoring a pro se motion is not always the wisest course of action. A better use of government and judicial resources in this case would have been to file a short motion for an extension of time to respond, or a motion to hold the pro se motion for summary judgment in abeyance until the close of discovery.

Accordingly, **IT IS ORDERED**:

Defendants having satisfied this Court's "show cause" order, Defendants shall file any response to Plaintiff's motion for summary judgment on or before **May 1, 2013**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
